# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| BLANCA ZARAGOZA, § § § § § § § § § § § PLAINTIFF, VS. WALGREEN CO. AND WALGREENS, DEFENDANTS. | CIVIL ACTION NO. 5:21-CV-573 |

## WALGREEN CO.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to 28 U.S.C. § 1332 and § 1446, Defendant, Walgreen Co. (hereinafter "Walgreen Co." or "Defendant") files this Notice of Removal from Cause No. 2021-CI-08410 from the 225th Judicial District Court, Bexar County, Texas. In support of this Notice of Removal, Walgreen Co. respectfully shows the Court as follows:

## INTRODUCTION

1. On April 28, 2021, Plaintiff, a citizen and resident of San Antonio, Bexar County, Texas, filed her Original Petition in the 225th Judicial District Court, Bexar County, Texas, Cause No. 2021-CI-08410, which names Walgreen Co., a citizen of Illinois with its principal place of business in Illinois, and Walgreen's Store #3571 located in Shavano Park, Bexar County, Texas ("Store #3571"), as the only Defendants. Plaintiff seeks to recover damages for injuries she believes she suffered due to the alleged negligence of Defendants. (Ex. B, Plaintiff's Original Petition at Sec. II). More specifically, Plaintiff alleges that she suffered injuries when she "fell violently on all fours as a result of tripping on hard plastic package bandaging that was left on the floor." (Ex. B, Plaintiff's Original Petition at Sec. VI).

2.   Walgreen Co. and Store #3571 were served on May 17, 2021.  (Exhibit B, Plaintiff's Original Petition; Ex. G, Kirchhoff Declaration at ¶5).

3.   In the Petition, Plaintiff specifically pleads that "she seeks only monetary relief between $250,000 and $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."  (Ex. B, Plaintiff's Original Petition at Sec. XI).  Based on Plaintiff's statement of damages, Plaintiff asserts an amount in controversy which exceeds the $75,000.00 minimum threshold required for removal.

4.   Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty days after service on Defendants of Plaintiff's initial pleading.

## BASIS FOR REMOVAL

5.   Removal is proper because there is complete diversity of citizenship between the parties, no proper defendant is a citizen of the state in which the action was brought, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a); 28 U.S.C. §1441(b)(2).

### A. Store #3571 Is Not A Proper Defendant, Was Fraudulently Joined, and Should Not Be Considered in The Court's Diversity Jurisdiction Analysis.

6.   Plaintiff's Original Petition alleges that Store #3571 is a "business" located at 14505 Northwest Military Highway, Shavano Park, Bexar County, Texas 78231.  Based on these allegations, it appears that Store #3571 may be a non-diverse party.  However, Plaintiff's vague reference to "business" fails to establish whether Store #3571 is an actual legal business entity capable of being a party to the suit.  Based on Walgreen Co.'s testimony below, it is clear why Plaintiff's use of the word "business" is vague.  Simply put, Plaintiff was trying to hide the fact that Store #3571 is not an actual legal entity and that Plaintiff was attempting to fraudulently join Store #3571 to avoid diversity jurisdiction.

7. Walgreen Co. explains that "[a]t the time of the April 30, 2019 accident, the physical property of Store #3571 was owned by Waltrust Properties, Inc. and was operated by Walgreen Co." (Ex. G, Kirchhoff Declaration at ¶4). Further, "Store #3571 is not a corporation, limited liability company, partnership, sole proprietorship, franchise, or any other form of legal entity." (Ex. G, Kirchhoff Declaration at ¶5). Instead, it is merely "the designation of a store located at 14505 Northwest Military Highway, Shavano Park, Texas 78231, and is one of numerous stores, with numerical designations, from which Walgreen Co. operates its business." (Ex. G, Kirchhoff Declaration at ¶6). In other words, Store #3571 is not a separate legal entity from Walgreen Co. but is one and the same. As a result, Store #3571 is not a proper party because it is not capable of being sued separate and apart from Walgreen Co. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that non-jural entities are not subject to suit because they do not enjoy a separate and distinct legal existence); *Sanchez v. Walgreen Co. et al.*, No. 2:20-CV-01291-KWR-KRS, 2021 WL 1921516, *3-*4 (D.N.M. May 13, 2021) (explaining that a local store of a diverse corporation does not make the diverse corporation local for purposes of diversity jurisdiction); *Cruz v. Walgreen Store #5522, et al.*, Civil Action No. 20-3338-KSM, 2020 WL 4431469, *4-*5 (E.D. Pa. July 31, 2020) (disregarding a local Walgreens store for purposes of diversity jurisdiction because the local store was not a separate legal entity and was not subject to suit).

8. Importantly, one of the ways to establish fraudulent joinder is to demonstrate the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citations omitted). The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by plaintiff against an in-state defendant, which stated differently

3

means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

9. Walgreen Co. has shown that Store #3571 is not capable of being sued because it is not a separate and distinct entity from Walgreen Co. Thus, there is no possibility of recovery for Plaintiff against Store #3571. Again, Store #3571 is not a legal entity and there is no basis in fact or law which would permit any recovery from a "business" that does not exist independent of Walgreen Co. (Ex. G, Kirchhoff Declaration at ¶4-¶6). As a result, the Court should disregard Store #3571 in its diversity jurisdiction analysis because Store #3571 was fraudulently joined.

B. **Diversity of Citizenship**

10. On April 28, 2021, the date of the filing of this action, and at all times hereafter, up to and including the present, Plaintiff was and is a citizen of Texas residing in Texas. (Ex. B, Plaintiff's Original Petition at Sec. II).

11. Defendant Walgreen Co. was and is now a foreign corporation not incorporated under the laws of the state of Texas nor having its principal place of business in the state of Texas. Defendant is an Illinois Corporation with its principal place of business at 200 Wilmot Rd., Deerfield, IL 60015. (Ex. G, Kirchhoff Declaration at ¶3).

12. A corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is where the corporation actually directs, controls, and conducts its business. *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1190-92 (2010).

13. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

4

14. Diversity existed both at the time of filing of Plaintiff's Original Petition and at the time of filing of this Notice of Removal.

### C. Amount in Controversy

15. In the Petition, Plaintiff specifically pleads that "she seeks only monetary relief between $250,000 and $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." (Ex. B, Plaintiff's Original Petition at Sec. VI). Based on Plaintiff's statement of damages in her Petition, Plaintiff clearly seeks damages in excess of the minimum $75,000.00 jurisdictional limits of the federal courts. 28 U.S.C. § 1446(c)(2). As a result, the $75,000 amount in controversy requirement is fully satisfied.

### D. Venue

16. The United States District Court for the Western District of Texas, San Antonio Division, embraces the county in which the state court action is now pending. Thus, this Court is a proper venue for this action pursuant to 28 U.S.C. §§124(d)(4) and 1441(a).

### E. Timing of Removal

17. This action was originally commenced on April 28, 2021, in the 225th Judicial District Court, Bexar County, Texas, Cause No. 2021-CI-08410. (Ex. B., Plaintiff's Original Petition). Walgreen Co. first received a copy of Plaintiff's Original Petition when it was served on May 17, 2021. (*Id.*)

18. Pursuant to 28 U.S.C. §1446(b)(1), this Notice of Removal is timely filed within thirty days of Walgreen Co.'s receipt of Plaintiff's Original Petition.

### F. Consent

19. Walgreen Co. is the only properly named Defendant in this action. Thus, all properly named and served defendants consent to the removal of the Lawsuit. 28 U.S.C. § 1446(b)(2)(A).

### G. Jury Demand

20.     Plaintiff has requested a jury in the state court action.

### H. State Record

21.     The following documents are attached hereto and incorporated herein by reference:

Exhibit A – Docket Sheet

Exhibit B – Plaintiff's Original Petition

Exhibit C – Defendants' Answer to and Verification of Plaintiff's Original Petition

Exhibit D – Defendants' First Amended Answer to and First Amended Verification of Plaintiff's Original Petition

Exhibit E – Defendants' Second Amended Answer to and Second Amended Verification of Plaintiff's Original Petition

Exhibit F – List of Counsel of Record

Exhibit G – Declaration of Kyle Kirchhoff

There are no orders signed by the state court judge.

## CONCLUSION & PRAYER

For the reasons stated above, Walgreen Co. prays that the action now pending in the 225th Judicial District Court, Bexar County, Texas, as described herein, be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**CLARK HILL, PLC**
2301 Broadway Street
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

By: */s/ Stephen T. Dennis*
    **STEPHEN T. DENNIS**
    Texas Bar No. 24040795

sdennis@clarkhill.com  
**MARISA M. RESENDEZ**  
State Bar No. 24087031  
mresendez@clarkhill.com  
**CYNTHIA D. GRIMES**  
State Bar No. 11436600  
cgrimes@clarkhill.com

**ATTORNEYS FOR DEFENDANT WALGREEN CO.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 16th, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

   */s/ Stephen T. Dennis*  
   STEPHEN T. DENNIS

7

**NOTICE OF REMOVAL**
ClarkHill\G0231\425673\263147348.v1-6/9/21